IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOUREY NEWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAWTHORNE BUSINESS CAPITAL INC.<br><br>Defendant. | Civil File No. 25-cv-962 |

**PLAINTIFF'S MOTION TO COMMENCE
DISCOVERY TO AVOID THE DESTRUCTION OF
RECORDS THAT IDENTIFY PUTATIVE CLASS MEMBERS**

The Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). The lawsuit alleges that Hawthorne Business Capital Inc. ("Hawthorne") commissioned illegal automated text messages to Plaintiff and other putative class members without their consent.

Hawthorne, has failed to respond to, plead, or otherwise defend in this complaint despite its owner repeatedly acknowledging the lawsuit. However, prior to a default judgment being entered, classwide calling records identifying who was texted, when, and how many times, and whether those class members have numbers on the National Do Not Call Registry are within the possession of the Defendant and likely third-party service providers. Through these records, the Plaintiff plans to ascertain the class, seek class certification, and ultimately seek a classwide judgment.

One of the only meaningful ways to identify putative class members in TCPA cases is through calling records. Because the Defendant is in default, the Plaintiff has not been able to commence discovery because the Plaintiff has not yet had a 26(f) conference. However, a party may seek discovery prior to this stage when authorized to do so by court order. FED. R. CIV. P. 26(d)(1). And, because this matter is proceeding as a class action, there is no other way to ascertain calling records, and thus class membership, absent discovery from these third parties identifying calling records. Therefore, the Plaintiff requests an Order from this Court where she will be permitted commence discovery in the normal course, including for discovery could identify putative class members. Without such an order, this pertinent information may be destroyed in the regular course of business and a class may never be certified because the class has not yet been able to be ascertained without the benefit of discovery.

Other courts have authorized classwide discovery for calling records under substantially similar circumstances. For instance, just last year, the District of Maryland authorized classwide discovery in the face of a default in order to allow the Plaintiff to obtain call records and seek class certification in another TCPA case here. Court stated, "In circumstances such as those present here, where a plaintiff has filed a motion for a default judgment, but discovery is necessary to resolve issues such as class certification and damages, courts routinely permit the plaintiff to conduct limited discovery." *Cleveland v. Nextmarvel, Inc.*, No. CV TDC-23-1918, 2024 WL 198212, at *4 (D. Md. Jan. 18, 2024). The *Cleveland* court cited to numerous other decisions where Courts have held that discovery on class certification and damages could proceed against a defendant in a TCPA case against whom a default had been entered. *See, e.g.*, *Ulery v. GQ Sols., LLC*, No. 22-CV-01581-PAB, 2022 WL 17484665, at * 1-2 (D. Colo. Dec. 7, 2022) (holding in a TCPA case that discovery on class certification and damages could proceed

2

against a defendant against whom a default had been entered); *Leo v. Classmoney.net*, No. 18-CV-80813. 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) (same); *Cranor v. Skyline Metrics, LLC*, No. 4:18-CV-00621-DGK, 2018 WL 11437828. at *1-2 (W.D. Mo. Dec. 14, 2018) (same).

What's more, Courts have relied on third party discovery of the type sought here in holding that such information was important in granting class certification. *See Eder v. Aspen Home Improvements Inc.*, No. 8:20-CV-1306-JSS. 2020 WL 6870851. at *2 (M.D. Fla. Oct. 2, 2020). In allowing for discovery, the aforementioned Courts have stated that it would be unjust to permit a defendant's failure to participate in the case to prevent a plaintiff from establishing the elements of class certification. *See id.*

Other courts have authorized similar discovery in TCPA cases when the defendants *have appeared* and done so without briefing from the defendants, entering an Order shortly after the motion was filed, recognizing the importance of issuing such discovery. *See Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No 14-cv-01846, ECF. No. 23 (N.D. Ga. August 19, 2014); *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016).

In fact, in the *Abante*, *Mey* and *Cooley* cases, a defendant had filed a motion to dismiss when the Order was entered.

The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM*

*Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court).

Time is important in ruling on this motion, as well. Although telecommunications companies might currently have information as to some or all putative class members, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day.

This risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Plaintiff were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

As a result, putative class plaintiffs in TCPA cases often file similar, opposed motions to ensure that early discovery into records in the possession of telecommunications companies occurs posthaste. *See, e.g.*, *Fitzhenry v. Career Education Corporation, et al.*, N.D. Ill., Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); *Dickson v. Direct Energy, Inc., et.*

4

*al.,* Civil Action No. 5:18-cv-00182-GJL (N.D. Ohio Order Entered May 21, 2018) (requiring the Defendant to obtain calling records from their vendor).

And, as outlined above, the requested relief is particularly necessary as the Defendant has been served with the lawsuit, acknowledged receipt of it, but have given no indication that they intend to participate. Accordingly, the only way to obtain relief for the class is through third-party production of class calling records, seeking class certification, and obtaining a classwide default judgment. Counsel for the Plaintiff has attempted to confer with Hawthorne regarding the relief sought in this motion, but Hawthorne has not provided any further response after its default. As the Defendant has not appeared and the commencement of discovery is uncertain, Plaintiff has no choice but to seek this relief. Otherwise, Plaintiff will be hamstrung in her efforts to identify and preserve vital evidence, which may be destroyed.

WHEREFORE, the Plaintiff requests an Order from this Court where she will be permitted to commence discovery in the normal course in this matter, including through serving discovery on any third-party individual or entity that may have information that could identify putative class members.

Dated: June 10, 2025

PLAINTIFF,
By his attorney,

*/s/ Anthony I. Paronich,*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043.
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

5